RICHARD C. STROMBERG, ESQ. (#092341)
LAW OFFICES OF RICHARD C. STROMBERG
790 Mission Avenue
San Rafael, CA 94901
(415) 453-5400 (telephone)
(415) 453-5406 (fax)

Attorney for Defendants
A. RUIZ CONSTRUCTION CO. & ASSOC.,
INC. and ANTONIO RUIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>   Plaintiffs,<br><br> vs.<br><br>A. RUIZ CONSTRUCTION CO. & ASSOC., INC., a California corporation; ANTONIO RUIZ, an individual; and DOES 1-10,<br><br>   Defendants. | No. C-07-2647 WDB<br><br>**ANSWER OF DEFENDANTS A. RUIZ CONSTRUCTION CO. & ASSOC., INC. AND ANTONIO RUIZ TO COMPLAINT** |

   Defendants A. RUIZ CONSTRUCTION CO. & ASSOC., INC. (hereinafter referred to as "ARC") and ANTONIO RUIZ (hereinafter referred to as "RUIZ"), answering the Complaint herein for themselves alone, admit, deny and allege as follows:

---

Answer of Defendants A. RUIZ CONSTRUCTION CO. & ASSOC., INC. and ANTONIO RUIZ to Complaint

## ANSWER TO INTRODUCTORY ALLEGATIONS

1. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1-6 of the Complaint.

2. Answering Paragraph 7 of the Complaint, these answering defendants admit that, at all relevant times, (a) defendant ARC has been a business entity with its principal place of business located in San Francisco, California, (b) defendant ARC has been an employer as described in Paragraph 7, and (c) defendant RUIZ has been an officer and shareholder of defendant ARC. The allegation contained in Paragraph 7 that defendant RUIZ at all relevant times "acted directly or indirectly in the interest of [ARC] with respect to the plaintiff employee benefit plans" is unintelligible, and accordingly these answering defendants are without knowledge or information sufficient to form a belief as to its truth. Except as thus expressly admitted, these answering defendants deny the allegations contained in Paragraph 7 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

3. Answering Paragraph 8 of the Complaint, these answering defendants refer to and incorporate their answers to Paragraphs 1-7, supra, as though fully set forth herein.

4. Answering Paragraph 9 of the Complaint, these answering defendants admit that, by virtue of its membership in EUCA, defendant ARC became bound to the Master Agreement, including all provisions thereof relating to wages, hours and conditions of employment for members of the Laborers Union. These answering defendants further admit that, pursuant to the provisions of the Master Agreement, defendant ARC agreed to be bound by the terms and conditions of the Trust Agreements that established the Trust Funds. Except as thus expressly admitted, these answering defendants deny the remaining allegations contained in Paragraph 9 of the Complaint, and they specifically deny that defendant RUIZ personally was a member of EUCA or that he personally became bound to the Master Agreement or any Trust Agreements at any time.

5. Answering Paragraph 10 of the Complaint, these answering defendants allege that the Master Agreement and Trust Agreements speak for themselves, and they therefore deny plaintiffs' attempted characterization thereof. These answering defendants further deny that defendant RUIZ

//

1 personally was a party to the Master Agreement or Trust Agreements, or that he personally made any promises or agreements thereunder.

2. 6. Answering Paragraph 11 of the Complaint, these answering defendants admit that the Master Agreement has never been terminated. Except as thus expressly admitted, these answering defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

7. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

8. Answering Paragraph 13 of the Complaint, these answering defendants admit that, within the past six years, defendant ARC failed to pay certain contributions owed to the Trust Funds when due but deny that the sums claimed by plaintiffs in Paragraph 13 are accurate or correct. These answering defendants further allege that, as of the date of this Answer, all required contributions to the trust funds have been paid. These answering defendants are without knowledge or information sufficient to form a belief as to whether the amounts of liquidated damages and interest alleged by plaintiffs in Paragraph 13 are accurate or correct. These answering defendants deny the remaining allegations of Paragraph 13 of the Complaint, and they specifically deny that defendant RUIZ personally committed any of the acts or omissions alleged in Paragraph 13.

9. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14 and 15 of the Complaint.

### ANSWER TO SECOND CLAIM FOR RELIEF

10. Answering Paragraph 16 of the Complaint, these answering defendants refer to and incorporate their answers to Paragraphs 1-7, <u>supra</u>, as though fully set forth herein.

11. Answering Paragraph 17 of the Complaint, these answering defendants admit that, by virtue of its membership in EUCA, defendant ARC became bound to the Master Agreement, including all provisions thereof relating to wages, hours and conditions of employment for members of the Laborers Union. These answering defendants further admit that, pursuant to the provisions of the Master Agreement, defendant ARC agreed to be bound by the terms and conditions of the Trust Agreements that established the Trust Funds. Except as thus expressly admitted, these answering defendants deny the remaining allegations contained in Paragraph 9 of the Complaint, and they

1 specifically deny that defendant RUIZ personally was a member of EUCA or that he personally became bound to the Master Agreement or any Trust Agreements at any time.

13. Answering Paragraph 18 of the Complaint, these answering defendants allege that the Master Agreement speaks for itself, and they therefore deny plaintiffs' attempted characterization thereof. These answering defendants further deny that defendant RUIZ personally was a party to the Master Agreement, that he personally made any promises or agreements thereunder, or that he personally had any subcontractors under his control.

14. Answering Paragraph 19 of the Complaint, these answering defendants admit that the Master Agreement has never been terminated. Except as thus expressly admitted, these answering defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

15. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

16. Answering Paragraph 21 of the Complaint, these answering defendants admit that defendant ARC subcontracted certain work to PTB Concrete Services ("PTB"), and that PTB was required to make Trust Fund contributions and pay wages in accordance with the Master Agreement in connection with such subcontracted work. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

17. Answering Paragraph 22 of the Complaint, these answering defendants admit that, approximately three years ago, ARC received a single written notice from the Trust Funds regarding alleged delinquencies on the part of PTB, and that to date ARC has not paid such alleged delinquencies. Except as thus expressly admitted, these answering defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

18. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 23 and 24 of the Complaint.

ANSWER TO THIRD CLAIM FOR RELIEF

19. Answering Paragraph 25 of the Complaint, these answering defendants refer to and incorporate their answers to Paragraphs 1-15, supra, as though fully set forth herein.

1  20. Answering Paragraph 26 of the Complaint, these answering defendants allege that ERISA Section 15, 29 U.S.C. §1145, speaks for itself and therefore deny plaintiffs' attempted characterization thereof. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint.

21. Answering Paragraph 27 of the Complaint, these answering defendants admit that, within the past six years, defendant ARC failed to pay certain contributions owed to the Trust Funds when due but deny that the sums claimed by plaintiffs in Paragraph 27 are accurate or correct. These answering defendants further allege that, as of the date of this Answer, all required contributions to the trust funds have been paid. These answering defendants are without knowledge or information sufficient to form a belief as to whether the amounts of liquidated damages and interest alleged by plaintiffs in Paragraph 27 are accurate or correct. These answering defendants deny the remaining allegations of Paragraph 27 of the Complaint, and they specifically deny that defendant RUIZ personally committed any of the acts or omissions alleged in Paragraph 27.

22. Answering Paragraph 28 of the Complaint, these answering defendants allege that ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), speaks for itself and therefore deny plaintiffs' attempted characterization thereof. These answering defendants deny that the sums claimed by plaintiffs in Paragraph 28 are accurate or correct. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint.

23. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

### ANSWER TO FOURTH CLAIM FOR RELIEF

24. Answering Paragraph 30 of the Complaint, these answering defendants refer to and incorporate their answers to Paragraphs 1-20, supra, as though fully set forth herein.

25. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, except that they

//

1  allege that the Trust Agreements speak for themselves and therefore deny plaintiffs' attempted
2  characterization thereof.

3      26.    Answering Paragraph 32 of the Complaint, these answering defendants admit that, at
4  all relevant times, defendant ARC was an employer as alleged in Paragraph 32, and that defendant
5  RUIZ exercised control over ARC's payment of contributions to the Trust Funds.  Except as thus
6  expressly admitted, these answering defendants deny the remaining allegations contained in Paragraph
7  32 of the Complaint, and they specifically deny that defendant RUIZ was a "fiduciary" or a "party in
8  interest" at any time as alleged in Paragraph 32.

9      27.    Answering Paragraph 33 of the Complaint, these answering defendants allege that
10  ERISA Section 502(a)(2), 29 U.S.C. §1132(a)(2), speaks for itself and therefore deny plaintiffs'
11  attempted characterization thereof.  These answering defendants deny that the sums claimed by
12  plaintiffs in Paragraph 33 are accurate or correct.  These answering defendants are without knowledge
13  or information sufficient to form a belief as to the truth of the remaining allegations contained in
14  contained in Paragraph 33 of the Complaint (specifically including whether the amounts of liquidated
15  damages and interest alleged by plaintiffs in Paragraph 33 are accurate or correct), except that these
16  answering defendants specifically deny that defendant RUIZ was a "fiduciary" or that his actions
17  constituted a violation of any "fiduciary duties" as alleged in said paragraph.

18      28.    These answering defendants are without knowledge or information sufficient to form a
19  belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

20  <u>ANSWER TO FOURTH CLAIM FOR RELIEF</u>

21      29.    Answering Paragraph 35 of the Complaint, these answering defendants refer to and
22  incorporate their answers to Paragraphs 1-26, <u>supra</u>, as though fully set forth herein.

23      30.    Answering Paragraph 36 of the Complaint, these answering defendants allege that the
24  Master Agreement and Trust Agreements speak for themselves, and they therefore deny plaintiffs'
25  attempted characterization thereof.  These answering defendants specifically deny that defendant
26  RUIZ is required to allow the Trust Funds access to his personal books and records under the Master
27  Agreement or Trust Agreements.  These answering defendants are without knowledge or information
28  //

1  sufficient to form a belief as to the trust of the remaining allegations contained in Paragraph 36 of the
2  Complaint.

3      31.    Answering Paragraph 37 of the Complaint, these answering defendants allege that
4  ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), speaks for itself and therefore deny plaintiffs'
5  attempted characterization thereof.  These answering defendants are without knowledge or
6  information sufficient to form a belief as to the truth of the remaining allegations contained in
7  Paragraph 37 of the Complaint.

8      32.    These answering defendants are without knowledge or information sufficient to form a
9  belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

10      WHEREFORE, defendants A. RUIZ CONSTRUCTION CO. & ASSOC., INC. and
11  ANTONIO RUIZ pray for judgment as follows:

12      1.    That plaintiffs take nothing by reason of take nothing by reason of their Complaint
13  herein;

14      2.    For costs of suit herein incurred;
15      3.    For attorney's fees to the maximum extent allowed by law, according to proof; and
16      4.    For such other and further relief as the court may deem proper.

17  DATED:  June 27, 2007                  LAW OFFICES OF RICHARD C. STROMBERG

By:         /S/        
RICHARD C. STROMBERG
Attorneys for Defendants
A. RUIZ CONSTRUCTION CO. & ASSOC., INC.,
and ANTONIO RUIZ